By the Court.—Ingraham, J.
At the time of the submission of the dispute between the parties to this action to arbitration, plaintiff claimed that he was entitled to receive from the defendants $18,666.66, in stock of the Northern Pacific R. R. Co., as one-third of the $56,000 of stock mentioned in the memorandum agreement signed by the defendant. And at that time plaintiff understood that defendant had not received this stock, but a portion of it was to be received under the contract with Jay Cooke & Co., and the right of plantiff to share in the stock that was to be received under the contract, was in dispute between the parties, and was one of the questions that was submitted to the arbitrators.
No award was ever made by the arbitrators, and on May 12, 1879, the parties settled all the difference between them. At that time plaintiff supposed that all the stock had been *424 divided, and that defendant had received the entire amount of such stock which he might be entitled to receive, in any contingency, under his subscription. So that at the time of the settlement, plaintiff acted on the supposition that stock had been received by defendant, that he claimed he was entitled to receive one-third of such stock, and defendant claimed that he was not.
The stock was at the time of the settlement of no value on the market. It has only been of value two years prior to the trial (February, 1882). On May 12, 1879, the parties settled all difficulties between themselves ; wrote to the arbitrators a letter stating that the differences between them had been amicably settled; executed an agreement of settlement which recited that the parties had that day amicably settled all interests and accounts between them up to that date—defendant to satisfy a mortgage on plaintiff’s property, plaintiff to receipt for all claims for services against defendant, and plaintiff to receive fifty shares, defendant, one hundred shares of the Northern Pacific R. R. stock, at that time received from estate of Jay Cooke & Co.,—and, providing that, furthermore, there was, after this settlement, no further claim, the one against the other. On the same day, plaintiff executed a general release under seal,, reciting the agreement between defendant and Jay Cooke & Co., providing as follows: “I, W. C. Kibbe, do hereby declare and certify, under my hand and seal, that I have this day made a full settlement with said Bowen, have received full payment from him of all claims or demands due or to become due of every name and description, either for services, expenses, commissions to himself personally, or to ‘ The Independent,’ or to the Northern Pacific R. R. Co., or to Jay Cooke & Co., etc., or otherwise.”
The terms of this settlement were carried out by the defendant, and plaintiff received and retained the consideration paid him at the time, and has never offered to return such consideration to the defendant.
That whatever mere right the plaintiff had to share in *425 the stock of the railroad company, received under this contract, was included in this settlement, there can be no doubt. The terms of the settlement are sufficient to embrace such claim, and the release given by plaintiff expressly declares that plaintiff has “received full payment of all claims or demands due or to become due of every name and description.”
The right to receive this stock existed by virtue of the original agreement with Jay Cooke & Co., and although defendant had not received the stock at the time of the settlement, it was a claim under that contract, and would, if plaintiff was right in his contention, be a claim or demand against defendant, which would become due when it was received and it was thus a claim and demand that was discharged by the release.
It appeared that in 1877, the directors of the Northern Pacific R. R. Co. adopted a report of a committee by which it appears that defendant, under the contract with Jay Cooke & Co., was entitled to 952 shares of the stock of the company, and plaintiff says, at the time he was not aware of that fact, and that as defendant was trustee of plaintiff, the release cannot operate to discharge an .obligation, to account for the stock subsequently received. Conceding that defendant was trustee of the plaintiff for one-third of the stock (which I think is open to question), yet there is no evidence that defendant knew, when the settlement was made, of the action of the directors of the railroad. The stock was not directed to be issued until March, 1881, and there is no evidence that prior to the settlement this right of defendant was of any value whatever.
Prom the time of the submission to the arbitrators, plaintiff had claimed the right to an Interest in the stock, and defendant had denied such right and it may, as before stated, be assumed from plaintiff’s testimony that he understood at the time of the settlement, that defendant had received this stock from the company. But however that is, the claim to share in this stock was one of the differences between the parties at the time the settlement was made— *426 was one of the differences that was settled, and there was no evidence that defendant failed to communicate any knowledge that he had on the subject when the settlement was made.
There is no evidence that this was not at the time a fair settlement between the parties. Plaintiff says the stock of the company was not worth the paper ic was written on in the market at that time. The release expressly says he has received full payment of all claims and demands due or to become due, and it must have been the intention of the parties that by such settlement plaintiff should have no further interest in the agreement with Jay Cooke & Co.
Plaintiff cannot rescind the settlement on the ground of fraud, without restoring or offering to restore to the defendant the consideration paid him. This he has failed to do (Gould v. Cayuga Co. Bank, 86 N. Y. 79).
I agree therefore with the referee, that the settlement and release bars the claim made by the plaintiff.
The judgment should therefore be affirmed, with costs.
Sedgwick, Ch. J., and Truax, J., concurred.