By the Court.—Freedman, J.
The order of arrest *34 having been vacated at special term on the sole ground that the jury, under the direction of the court, had found a verdict for the defendant, it is deemed expedient to proceed at once to the examination of the questions raised by the exceptions taken by the plaintiff at the trial.
The action was brought to recover damages for false and fraudulent representations concerning a certain mining property, by means of which the defendant had obtained from the plaintiff several sums of money and other property.
The answer denied the fraud and then set up, as a distinct and separate defence, that the plaintiff, with full knowledge of all the facts and circumstances alleged in his complaint, had, for a due and legal consideration, fully released and discharged the defendant of and from all claims and demands arising in any way from any and all of the transactions stated in the complaint.
At the trial it conclusively appeared in the course of the cross-examination of the plaintiff that, subsequently to the transactions sued upon, a compromise agreement was made between the parties, that as part thereof the plaintiff executed, under his hand and seal, and delivered to the defendant the release referred to, and that in consideration therefor the plaintiff received from the defendant certain money and clothing. It also appeared that at and prior to the time of the execution and delivery of such release, the plaintiff had in his possession a certain affidavit made by a third person as to a number of facts which showed fraud to some extent in the original transaction.
The trial judge thereupon ruled that, in order to succeed, the plaintiff was bound to show that the 'release had been obtained by fraud, and that the plaintiff had returned or offered to return the money and property received under the release.
*35 The counsel for the plaintiff admitted that in point of fact no such return or offer to return had been made, and upon such admission the court excluded all further evidence offered in support of the claim of fraud in the original transaction, and finally directed a verdict for the defendant, and ordered plaintiff’s exceptions to be heard at general term in the first instance. The exceptions necessary to be considered all relate to this disposition of the . case.
The disposition made was correct. True, if the compromise agreement was obtained by fraud, the plaintiff had a cause of action by reason thereof. He also had an election of remedies. He was not bound to rescind and to return or offer to return the consideration received. He had aright to retain the consideration and to sue for the damages sustained by reason of the fraud by means of which he was induced to enter into the compromise agreement. Gould v. Cayuga Co., National Bank, 99 N. Y. 333, But that is not plaintiff’s action.
The present action was brought upon the fraud in the original transaction. But that fraud had been wiped out by the compromise agreement and the release and the payment of a new consideration. To recover upon that fraud, the plaintiff had to get rid of the effect of the compromise agreement and of the release, which were not void, but only voidable, and this he could only do by proof of a new fraud in the compromise and a return of an offer to return the consideration then and there received. Gould v. Cayuga Co. National Bank, 86 N. Y. 75; Kibbe v. Bowen, 50 N. Y. Super. Ct. (18 J. & S.) 422.
For the foregoing reasons the rulings of the trial judge were entirely correct even if the relation which existed between the parties was of a fiduciary character. Moreover the complaint contained no allegation of fraud in the compromise.
*36 The result already arrived at calls for an affirmance of the order vacating the order of arrest.
Plaintiff’s exceptions should be overruled and judgment ordered for the defendant on the verdict with costs, and the order vacating the order of arrest should be affirmed with $10 costs.
Sedgwick, Ch. J., and O’G-orman, J., concurred.